UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JANSSEN SCIENCES IRELAND UNLIMITED
COMPANY, JANSSEN PRODUCTS, LP,
and JOHNSON & JOHNSON

    Plaintiffs,

        -against-                           Case No. 1:22-cv-01983-BMC

SAFE CHAIN SOLUTIONS, LLC; PROPHARMA
DISTRIBUTION LLC; SCRIPTS WHOLESALE INC.;
STEVEN DIAMANTSTEIN; LEVI ELLIS; CHARLES
BOYD; PATRICK BOYD; I CARE PHARMACY 14,
INC.; and EDWARD GENDIN,

    DefendantS.

---------------------------------------------------------------------X

## STIPULATION AND ORDER
## AS TO THE I CARE DEFENDANTS

WHEREAS, on April 7, 2022, Plaintiffs Janssen Sciences Ireland Unlimited Company, Janssen Products, LP, and Johnson & Johnson (collectively "Janssen" or "Plaintiffs"), filed a Complaint against, *inter alia*, Defendants I Care Pharmacy 14, Inc. and Edward Gendin (together, the "I Care Defendants"), and sought a temporary restraining order, asset freeze order, and *ex parte* seizure against the I Care Defendants.

WHEREAS, on April 11, 2022, the Court entered a temporary restraining order, asset freeze order, and *ex parte* seizure order against the I Care Defendants;

WHEREAS, on April 14, 2022, Janssen executed the *ex parte* seizure at the residence of Defendant Edward Gendin;

WHEREAS, Janssen and the I Care Defendants wish to stipulate to a preliminary injunction and to confirm the *ex parte* seizure;

13585100

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Janssen and counsel for the I Care Defendants, it is hereby ORDERED that:

1. The I Care Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them pending the final hearing and determination of this action, are preliminarily enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Janssen Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

2. The "Janssen Products" are defined as all products manufactured by or sold by Janssen, including but not limited to all products bearing anywhere any of the Janssen Marks (as defined below),[1] whether on the product itself or any of its packaging.

3. Plaintiffs and the I Care Defendants agree that, as among them, there are no issues to address at the hearing scheduled for April 21, 2022, with respect to conversion of the temporary restraining order into a preliminary injunction and/or the confirmation of the Seizure

---

[1] The Janssen Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| JANSSEN | 2465129 | July 3, 2001 |
| janssen | 4347059 | June 4, 2013 |
| EDURANT | 3236346 | August 16, 2011 |
| SYMTUZA | 5576270 | October 2, 2018 |
| PREZCOBIX | 4720657 | April 14, 2015 |
| PREZISTA | 3236346 | May 1, 2007 |
| INTELENCE | 3682959 | September 15, 2009 |
| INTELENCE | 3739292 | January 19, 2010 |

13585100

Order. The I Care Defendants waive any and all rights they might have to a hearing to contest the issuance of a preliminary injunction and agree to the entry of a preliminary injunction as requested by Plaintiffs without a hearing as memorialized in this Stipulation.

4. The parties agree that the seizure of the I Care Defendants is confirmed pursuant to 15 U.S.C. § 1116(d)(10).

5. The I Care Defendants shall turn over to Janssen all Janssen Products in their possession or control (if any) no later than Monday, April 25, 2022.

6. No later than Monday, April 25, 2022, the I Care Defendants shall make accessible for Janssen's inspection all email accounts containing documents related to the I Care business, including but not limited to icarepharmacy14@yahoo.com. The I Care Defendants shall take all necessary steps to make the electronic data thereon accessible for imaging, including, as necessary, providing or entering passwords for password-protected devices or information, or resetting passwords for any password-protected devices or information to which the passwords are no longer known (including, if necessary, cooperating with counsel for Janssen to take any step necessary to reset or obtain such passwords).

7. To the extent they have not done so, the I Care Defendants agree to produce all documents and materials they are required to produce under the Seizure Order and the Temporary Restraining Order no later than Monday, April 25, 2022 as follows:

    a. All business records, invoices, correspondence, emails, instant messages, text messages, WhatsApp communications, electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts or other documentation relating or referring in any manner to Defendants' businesses, the manufacture, promotion, publicity, advertising,

3

receiving, acquisition, importation, return, shipment, purchase, sale, offer for sale, or distribution of any merchandise bearing any of the Janssen Marks or claim or defense in this action, whether such information is stored in a written or computerized form

b. The I Care Defendants shall disclose (1) the Drug Supply Chain Security Act pedigree documentation; (2) the price and quantity of each purchase or sale; (3) the product, including the specific type or variety of product; (4) the lot numbers; (5) the contact information, including names, addresses, email addresses, and telephone numbers of all associated individuals and/or companies from which Defendants have purchased or to whom Defendants sold the products, so that Janssen or its counsel may contact those individuals and/or companies to locate and quarantine additional counterfeits and obtain evidence thereof.

c. The I Care Defendants shall provide a list of financial institutions wherein they hold accounts, along with their respective balances.

8. The Court's April 11, 2022, Asset Freeze Order is hereby MODIFIED as follows:

a. Any bank, brokerage house, or financial institution holding frozen assets under the Asset Freeze Order shall continue to hold such assets except as set forth in this Order.

b. Upon service of this Order upon TD Bank and Capital One (together the "Banks"), TD Bank shall permit the withdrawal of up to $10,000 from the account ending in 7243 for personal expenses and Capital One shall permit withdrawal of up to $35,000 from the account ending in 8683 for legal fees.

13585100

9. Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law. Plaintiffs and the I Care Defendants do not waive and reserve all rights and remedies not specifically addressed herein.

10. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: April 20, 2022

_____
GEOFFREY POTTER
ARON FISCHER
TIMOTHY A. WATERS
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
Fax: (212) 336-2222
gpotter@pbwt.com
afischer@pbwt.com
twaters@pbwt.com

*Attorneys for Plaintiffs*
*Janssen Sciences Ireland Unlimited Company,*
*Janssen Products, L.P., and Johnson & Johnson*

_____
STEVE ZISSOU
*Digitally signed by Steve Zissou*
*Date: 2022.04.21 14:10:59 -04'00'*
STEVE ZISSOU & ASSOCIATES
4240 Bell Blvd, #302,
Bayside, NY 11361
Tel: (718) 279-4500
stevezissou@stevezissouesq.com

*Attorneys for Defendants I Care Pharmacy 14, Inc. and Edward Gendin*

SO ORDERED    4/25/2022

Digitally signed by Brian M. Cogan
_____
Hon. Brian M. Cogan

5

13585100