Clerk's Office
Filed Date: 5/19/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JANSSEN SCIENCES IRELAND UNLIMITED COMPANY, et al.,

        Janssen,

v.

SAFE CHAIN SOLUTIONS, LLC, et al.,

        Defendants.

---

Case No. 22-cv-1983

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

On consent of Plaintiffs Janssen Sciences Ireland Unlimited Company, Janssen Products, LP, and Johnson & Johnson (collectively "Janssen") and Defendants I Care Pharmacy 14, Inc. ("I Care") and Edward Gendin (collectively, "the I Care Defendants"), it is hereby ORDERED, ADJUDGED, AND DECREED:

**WHEREAS**, on April 7, 2022, Janssen filed a Complaint in *Janssen Sciences Ireland Unlimited Company, et al. v. Safe Chain Solutions, LLC, et al.*, No. 1:22-cv-1983 (the "**Action**") in the United States District Court for the Eastern District of New York (the "**Court**"), asserting claims against the I Care Defendants for, among other things, federal and state trademark infringement, false description and designation of origin in commerce, federal false advertising, federal and state trademark dilution and counterfeiting, state deceptive and unfair trade practices, common law unfair competition, and common law unjust enrichment, all of which claims, Janssen has alleged, have given rise to significant damages;

**WHEREAS**, on July 29, 2022, Janssen filed a First Amended Complaint in the Action that asserted the same claims against the I Care Defendants;

**WHEREAS,** on December 20, 2022, Janssen filed a Second Amended Complaint in the Action that asserted the same claims against the I Care Defendants;

       NOW THEREFORE:

1

1. The I Care Defendants, along with their principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet the I Care Defendants, shall not and are permanently enjoined from manufacturing, buying, selling, importing, marketing, advertising, distributing, or in any way using in commerce worldwide any goods, including authentic goods, manufactured, distributed, marketed or sold by or for Johnson & Johnson or its current direct or indirect subsidiaries (the "Johnson & Johnson Products"). The I Care Defendants, along with their principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet the I Care Defendants, shall not and are further permanently enjoined from mentioning "Janssen," "Johnson & Johnson," or any of Johnson & Johnson's current direct or indirect subsidiaries, or using any of the Johnson & Johnson Products in its publicity, promotion, or advertising including, without limitation, on any domain name, website, uniform resource locator (URL), Internet store, or online marketplace platform, including, without limitation, eBay, Amazon, and Alibaba.

2. The I Care Defendants, along with their principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet the I Care Defendants, shall not and are further permanently enjoined from using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of the I Care Defendants are sponsored by, authorized by, or in any way associated with Janssen, Johnson & Johnson, or any of Johnson & Johnson's current or future direct or indirect subsidiaries, or affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Janssen products, or engaging in any act which is likely to cause the trade, retailers, or members of the purchasing public to believe that any of the I Care Defendants are associated with Janssen, Johnson & Johnson, or any of Johnson & Johnson's current direct or indirect subsidiaries.

3. Nothing in the preceding paragraphs is intended to enjoin individual employees, officers, or principals of I Care from making personal, non-business purchases and use of Johnson & Johnson Products.

4. The I Care Defendants and their parent companies, subsidiaries, and affiliates shall maintain complete records of their purchases and sales of all products for a period of seven years following entry of this Consent Judgment and Permanent Injunction. For a period of ten years following entry of this Consent Judgment and Permanent Injunction, Janssen shall have the right, at its own costs, upon at least thirty days prior written notice, to have an independent firm audit I Care's records of purchases and sales of all products purchased or sold by I Care after the date of this Consent Judgment. Janssen's right to such an audit shall not be exercised more than once in any twelve-month period (unless Janssen becomes aware of evidence of a potential violation of this Consent Judgment and Permanent Injunction, in which case Janssen may promptly conduct an audit irrespective of when a previous audit was conducted). In the event of such an audit, Janssen shall ensure that the independent auditor does

not provide any information obtained from the audit to Janssen other than information relating to products purchased or sold by I Care in violation of this Consent Judgment and Permanent Injunction.

5. I Care and its principals may not invest in, control, have any direct or indirect ownership interest in, work for, lend money to, or participate in any business that violates any term of this Consent Judgment or sells, manufactures or distributes Johnson & Johnson Products, without the consent of Janssen, which shall not be unreasonably withheld, except that, for the avoidance of doubt, in no case shall Janssen be required to consent to any of the I Care Defendants' participation in a business that obtains Johnson & Johnson Products from unauthorized sources or sells Johnson & Johnson Products obtained from unauthorized sources. However, nothing in this order shall prohibit I Care or its principals from owning less than 5% of any corporation whose shares are traded freely on a stock exchange.

6. If any I Care Defendant is found by any court to have violated the prohibitions of this Consent Judgment by selling authentic or purported Johnson & Johnson Products, Janssen is entitled at its election to liquidated damages of fifty times (50x) the list price of the authentic product that the I Care Defendant sells (or has sold on its behalf by its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, and all other persons in active concert and participation with them, or who otherwise aid and abet the I Care Defendant in violating this Consent Judgment) that violate this Consent Judgment; or to Janssen's actual, statutory, and punitive damages.

7. Janssen and the I Care Defendants each agree that jurisdiction and venue for an action for contempt of this Consent Judgment exists in the United States District Court for the Eastern District of New York. In such an action, the I Care Defendants shall waive any and all defenses based upon personal jurisdiction, subject matter jurisdiction, and venue.

8. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this Action is hereby dismissed, with prejudice, as to the I Care Defendants, without costs or attorneys' fees, save that this Court shall retain jurisdiction over this action, including, without limitation, over implementation of or disputes arising out of this Consent Judgment with regard to I Care or its principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries.

9. Signatures to this Consent Judgment transmitted electronically or by facsimile shall be deemed original.

{Signatures on following page}

14002094

Dated: May 18, 2023

CONSENTED AND AGREED TO BY:

_____
GEOFFREY POTTER
ARON FISCHER
ANDREW HADDAD
MEGHA HOON
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel:    (212) 336-2000
Fax:    (212) 336-2222
gpotter@pbwt.com
afischer@pbwt.com
ahaddad@pbwt.com
mhoon@pbwt.com

*Attorneys for Plaintiffs Janssen Sciences Ireland Unlimited Company, Janssen Products, LP, and Johnson & Johnson*

_____
STEVEN ZISSOU
STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd.
Suite 302
Bayside, NY 77002
stevezissou@stevezissouesq.com

*Attorneys for Defendants I Care Pharmacy 14, Inc. and Edward Gendin*

Digitally signed by Steve Zissou
Date: 2023.05.05 14:29:44 -07'00'

SO ORDERED:

*Brian M. Cogan*
_____
UNITED STATES DISTRICT JUDGE

14002094