UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                               :
JANSSEN SCIENCES IRELAND UNLIMITED                             :
COMPANY, *et al.*,                                             :
                                                               :    **ORDER**
                                        Plaintiffs,            :
                                                               :    22-cv-1983 (BMC)
                          - against -                          :
                                                               :
TLC XPRESS PHARMACY INC., *et al.*,                            :
                                                               :
                                        Defendants.            :
------------------------------------------------------------- X

**COGAN**, District Judge.

At the pretrial conference, the Court reserved ruling on two of defendants' evidentiary

objections.  The parties have since filed supplemental letters, and the Court has carefully

reviewed them.  For the following reasons, defendants' objections are overruled in part.

There are two competing inferences a jury might draw from the objected-to disciplinary

records offered by plaintiffs.  A jury could infer that because SRX and TLC have a history of

drug-distribution-related misconduct, they have a propensity to be careless when buying and

selling prescription medications, and therefore they recklessly disregarded whether the drugs at

issue here were counterfeits.  If offered for this purpose, the records are inadmissible under

Federal Rule of Evidence 404(a)(1).

The other inference sounds in a meaningfully different register.  The jury could infer that,

because SRX and TRX previously received warnings about drugs sourced from the black market,

they are more likely to recognize off-market drugs.  Such an inference does not speak to

defendants' propensity for recklessness, their propensity to purchase drugs from the black

market, or their propensity to infringe on trademarks.  It speaks to their *intent* when they sold the

allegedly counterfeit Janssen products.  It tends to show that, because defendants were told how to identify black-market products, they knew or recklessly disregarded that the Janssen-branded medications they sold were sourced from the black market.  And Rule 404 explicitly allows bad-acts evidence to prove intent.  See Fed. R. Evid. 404(b)(2); see also United States v. Scott, 677 F.3d 72, 79 (2d Cir. 2012) ("This Circuit has adopted an 'inclusionary' approach to other act evidence under Rule 404(b), which allows [bad-acts] evidence to be admitted for any purpose other than to demonstrate . . . propensity.").

Defendants unsuccessfully fight this permissible inference.  They cite a laundry list of differences between the conduct underlying the disciplinary records and the conduct at issue here: the SRX defendants' sanctions related to sales of oxycodone, not HIV medication; the TLC defendants were sanctioned for buying from unlicensed dealers, but the wholesalers here were licensed; and neither defendant was found liable for trademark infringement.  Defendants are right that the disciplinary history is not identical to the allegedly infringing conduct here, but that point speaks to evidentiary weight, not admissibility.  Sure, Janssen's showing would be *stronger* if the records showed that SRX and TLC had previously violated trademarks on HIV medications.  See, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995), abrogated on other grounds by 4 Pillar Dynasty LLC v. New York & Co., Inc., 933 F.3d 202 (2d Cir. 2019).  But their disciplinary history still shows that they have been previously instructed about the warning signs of black-market medications and, in turn, that they may have acted with reckless disregard to Janssen's trademark rights.  It accordingly steers clear of the Rules' prohibition on propensity evidence.

There is, however, one caveat.  Although the TLC exhibit comfortably satisfies Rule 403, the SRX exhibit poses more risk of undue prejudice.  The offense conduct itself does not relate to

defendants' knowledge of black-market red flags; only the continuing education classes on

"pharmacy law/ethics" imposed as punishment are probative on willfulness.  The rest of the

report is unduly prejudicial to the SRX defendants.  It recounts its practice of over-prescribing

oxycodone, a controlled substance, and one that has drawn much attention in the media.  Given

the inflammatory nature of these non-probative sections of the document, plaintiffs will need to

redact significant portions before the Court will admit the exhibit.


**SO ORDERED.**

_Brian M. Cogan_
U.S.D.J.


Dated: Brooklyn, New York
       June 17, 2025

3