```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
JANSSEN SCIENCES IRELAND UNLIMITED                                :   MEMORANDUM
COMPANY, et al.,                                                  :   DECISION AND ORDER
                                                                  :
                    Plaintiffs,                                   :   22-cv-1983 (BMC)
                                                                  :
         - against -                                              :
                                                                  :
                                                                  :
SAFE CHAIN SOLUTIONS, LLC, et al.,                                :
                                                                  :
                    Defendants.                                   :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs, pharmaceutical companies, brought this anti-counterfeiting action under the Lanham Act against distributors or sellers of phony HIV medications camouflaged as those manufactured by plaintiffs. There were originally 29 defendants. All have settled except for five: Cintex Services LLC ("Cintex") and Roberto Rodriguez Hernandez (together with Cintex, the "Cintex Defendants"); R&A Drugs, Inc. ("R&A") and Raif Khasiev (together with R&A, the "Tremont Ave. Defendants"); and Brooklyn Chem. Corp. ("Brooklyn Chem," and together with the Cintex Defendants and Tremont Ave. Defendants, the "Defaulted Defendants"). The Court entered a preliminary injunction at the outset of the case, enjoying defendants from distributing any more counterfeit goods.

Plaintiffs are now seeking judgment against the Defaulted Defendants under Federal Rule of Civil Procedure 55(b), the Clerk having entered their default under Rule 55(a). None have opposed this motion.

In the context of a motion for default judgment, a court should accept the well-pleaded allegations of a complaint pertaining to liability as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Thus, the court must look to the allegations of the complaint regarding liability to determine whether plaintiff has adequately pled its claims." Philip Morris USA, Inc. v. Jackson, 826 F. Supp. 2d 448, 451 (E.D.N.Y. 2011).

Here, plaintiffs' complaint easily states claims for relief under the Lanham Act. "The Lanham Act prohibits the use in commerce, without consent, of any 'registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods,' in a way that is likely to cause confusion." Time, Inc. v. Petersen Publ'g Co. L.L.C., 173 F.3d 113, 117 (2d Cir. 1999) (quoting 15 U.S.C. § 1114(1)(a)). To succeed on a claim for trademark infringement under the Lanham Act, a plaintiff must show two things: (1) that "it has a valid mark entitled to protection," and (2) that "the defendant's use of it is likely to cause confusion." Id. (internal quotation marks and citations omitted).

As for the first element, registered trademarks are entitled to a presumption of validity. See 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of the validity of the registered mark . . . ."); CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 151 (E.D.N.Y. 2011). Here, the marks upon which plaintiff is suing are registered with the USPTO, and they are therefore deemed valid and entitled to protection for the purposes of this motion.

With respect to the second element, courts in the Second Circuit consider the factors articulated in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961), to determine whether a defendant's use of plaintiff's valid mark is likely to cause confusion. Time, Inc., 173 F.3d at 117. However, I hardly think that the Polaroid factors are of much relevance in

a case like this one involving counterfeit goods.  See Dan-Foam A/S v. Brand Named Beds, LLC, 500 F. Supp. 2d 296, 312 (S.D.N.Y. 2007) (noting the limited relevance of the Polaroid factors in gray market cases because "the trademark at issue is always plaintiff's actual mark" and is placed on a product that is "*almost* the same").   It is self-evident that a consumer buying a Janssen-branded medication from a Defaulted Defendant thinks he is getting an authorized Janssen medication when he is not, and he is thereby confused.  The counterfeit origin of the medication is the very *raison d'etre* for defendant's tortious conduct.  Plaintiffs' motion proves every element of federal trademark infringement and false designation of origin required under the Lanham Act.

Various measures of damages are available for willful Lanham Act violations.  Here, plaintiff seeks statutory damages of $2,000,000 against the Cintex Defendants and $500,000 against the Tremont Ave. Defendants.  Plaintiffs have shown that these defendants have violated at least three of plaintiffs' trademarks.  The statutory maximum for the infringements would be $30,000,000, consisting of the infringement of three marks on each of five products at the statutory rate of $2 million per infringement.  See 15 U.S.C. § 1117(c)(2).  Considering this exposure, plaintiffs' request for $2,000,000 against the Cintex Defendants and $500,000 against the Tremont Ave. Defendants is reasonable.  It is supported by sales records seized from these defendants.  However, because plaintiffs could not find records for Brooklyn Chem, they are not seeking any damages, which is quite conservative.

Plaintiffs also seek that the Court's prior preliminary injunction against these defendants be made permanent.  The calculus from the four factors that the Court found under Rule 65 has not changed.  Plaintiffs are entitled to injunctive relief.

Plaintiffs are entitled to a default judgment, including injunctive relief, as described above. Judgment will enter separately pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
December 16, 2025